# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Luis Gutierrez, | Case No. 20-cv-398 (NEB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jodi Harpstead, DHS Commissioner, | |
| Respondent. | |

Petitioner Jose Luis Gutierrez was previously convicted of multiple sex offenses and, in 2018, he was committed to the custody of the Minnesota Sex Offender Program (MSOP) on the finding that he was both a sexually dangerous person and a person with a sexual psychopathic personality. *See In re Matter of Civil Commitment of Gutierrez*, No. A18-1290, 2018 WL 6729833, at *1-2 (Minn. Ct. App. Dec. 24, 2018). After concluding his direct appeals of the civil commitment order, Gutierrez commenced this matter with a petition for a writ of habeas corpus challenging the legality of the commitment at MSOP on several grounds, including that there was an insufficient factual basis upon which to ground his commitment, that his attorney was unprepared for the civil-commitment proceedings, and that the judge who presided over those proceedings was biased against him. *See* Petition [Dkt. No. 1].

A few days after Gutierrez filed his habeas petition, this matter was stayed on the finding that the claims raised in the petition were similar to claims that were then being litigated in *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659. *See* Dkt. No. 6. That stay was not lifted until April 2022, more than two years later. *See* Dkt. No. 11. In the meantime, Gutierrez had commenced a new proceeding in state-court challenging the legality of his civil commitment—a proceeding that remains pending at

this time.  *See In the Matter of the Civil Commitment of Jose Luis Gutierrez*, No. AP21-9091 (Minn. Jud. App. P. filed June 17, 2021).

After the stay was lifted in this atter, respondent Jodi Harpstead, the Commissioner of the Minnesota Department of Human Services, was directed to respond to Gutierrez's petition for a writ of habeas corpus.  *See* Dkt. No. 21.  Harpstead did so through a motion to dismiss the complaint, arguing that Gutierrez had failed to exhaust available state remedies for his claims for relief, as is required under 28 U.S.C. § 2254(b)-(c).  Gutierrez does not seem to contest that certain of the claims presented in his petition have not yet been exhausted—indeed, he has asked[1] to voluntarily dismiss two claims (regarding violations of the Double Jeopardy and Ex Post Facto clauses of the federal constitution) that have not yet been prosecuted in state court.  *See* Dkt. No. 28.  Gutierrez makes this request for voluntary dismissal of these claims, however, on the understanding that he will be permitted to return to federal court and present the voluntarily dismissed claims again in a future proceeding.

This understanding is mistaken.  A person in custody pursuant to a state court judgment (including a civil judgment) generally gets only one bite at the federal habeas apple, with any "second or successive" petitions for habeas corpus needing to receive authorization from the relevant court of appeals.  *See* 28 U.S.C. § 2244(b).  If Gutierrez dismisses certain of his habeas claims and then prosecutes his remaining claims in this proceeding, it is overwhelmingly doubtful that he would be able to return to federal court

---

[1] Gutierrez's motion for voluntary dismissal purports to be a *notice* of voluntary dismissal brought pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 28 at 1.  Rule 41(a)(1)(A)(i) permits a litigant to "dismiss an *action* without a court order" through filing a notice of dismissal (emphasis added), but that provision does not permit automatic dismissal of individual claims *within* an action.  Anything less than the voluntary dismissal of an entire action requires the authorization of the Court.  *See, e.g.*, *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015).

2

with another habeas petition raising his voluntarily dismissed claims, regardless of whether he subsequently exhausted state remedies for those claims.

Gutierrez would likely also be unable to relitigate his voluntarily dismissed claims in a second federal habeas petition for another reason: Those claims would be untimely if presented again. *See* 28 U.S.C. § 2244(d). Gutierrez's current habeas petition was brought within the one-year limitations window established by § 2244(d), but much more than one year has now elapsed since each of the dates established by § 2244(d) as starting the limitations period. Thus, even if any subsequent habeas petition brought by Gutierrez were not successive, the petition would almost certainly be untimely and subject to dismissal on that alternative basis. This Court is therefore reluctant to recommend that Gutierrez's motion for voluntary dismissal be granted; Gutierrez likely did not understand the consequences of such a dismissal when the request was made.

But for much the same reasons, this Court is similarly reluctant to recommend that Respondent's motion to dismiss on exhaustion grounds be granted. Respondent seems to acknowledge that Gutierrez has exhausted one claim for relief that is presented in the habeas petition: whether the evidence presented at his civil-commitment proceedings was sufficient to establish the legality of that commitment. Respondent also seems to acknowledge that a pathway may remain available in state court to Gutierrez to present his unexhausted claims for relief—and indeed, as explained above, Gutierrez is already availing himself of one such state-court procedural pathway. Were the Court to dismiss Gutierrez's petition as a "mixed" petition raising both exhausted and unexhausted claims for relief, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982), the limitations period established by § 2244(d) likely would bar Gutierrez from ever prosecuting his claims in federal court, *see Rhines v. Weber*, 544 U.S. 269, 275 (2005) (noting that "petitioners who come to

federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."), even if each of the claims were to become fully exhausted in the future.

The point remains, however, that respondent is correct that Gutierrez has not exhausted state remedies for many of his claims for relief. Rather than recommending dismissal of the petition on that basis, however, the Court recommends that this matter be stayed and placed in abeyance for the duration of Gutierrez's ongoing state-court proceedings challenging his civil commitment. Such a stay would permit Gutierrez to continue prosecute his federal habeas claims following their exhaustion in state court, because those claims would both be timely and raised in an initial (that is, not a successive) habeas petition.

This Court recognizes that such a stay "should be available only in limited circumstances," *Rhines*, 544 U.S. at 277, and only upon a showing of good faith from the petitioner, *see id.* Both conditions are met here, however. In normal circumstances, Gutierrez would have been warned of the deficiencies in his habeas petition at the outset of this litigation and given a choice whether to voluntarily dismiss his entire petition (and then return to federal court after all his claims were exhausted) or to voluntarily dismiss his unexhausted claims and proceed with only the exhausted claims (and thereby forfeit the opportunity to ever prosecute the dismissed claims). Because this matter was stayed upon filing, however, Gutierrez was never given the opportunity to make that election. Now it is too late; as explained above, any claim dismissed from this proceeding and then brought in a subsequent action would be untimely. None of this is attributable to the conduct of Gutierrez, who was not responsible for the imposition of the initial stay—in fact, Gutierrez *objected* to the imposition of the stay, *see* Dkt. No. 8. And it appears that

4

Gutierrez has been at least reasonably diligent in pursuing relief on his claims in the state courts, though the extent to which the specific claims raised in the habeas petition are at issue in the ongoing state-court proceeding remains unclear from the record available to the Court.[2]

As explained in *Rhines*, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. Accordingly, this Court will recommend that a stay be imposed in this matter for the duration of Gutierrez's ongoing state-court proceedings. After those proceedings have concluded, the stay imposed in this matter will be lifted, and Respondent will again be directed to respond to the habeas petition.

Should the recommendation of a stay be adopted, Respondent should be directed to provide notice to the Court within 14 days of the conclusion of *In the Matter of the Civil Commitment of Jose Luis Gutierrez*, No. AP21-9091, regardless of whether that conclusion comes through Gutierrez having been granted relief, through the rejection of Gutierrez's claims by the Minnesota Supreme Court, through the denial of Gutierrez's petition for review by the Minnesota Supreme Court, or through the failure to Gutierrez to seek timely review from the Minnesota Court of Appeals or the Minnesota Supreme Court. If Gutierrez files a petition for review with the Minnesota Supreme Court, Respondent

---

[2] In the memorandum supporting the motion to dismiss, Respondent chides Gutierrez for not having supplied sufficient exhibits in support of his habeas petition. *See* Dkt. No. 22 at 8 n.4. But it was Respondent's responsibility to supply those materials under both Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and the order of the Court directing Respondent to file an answer to Gutierrez's petition, *see* Dkt. No. 11 at 1-2.

should attach that petition for review to the notice informing the Court that the state-court proceedings have concluded, so that the Court may examine whether any of Gutierrez's pending habeas claims have become exhausted through the state-court proceedings.

In light of the recommendation that a stay be imposed in this matter, it is further recommended that both the motion for dismissal of Respondent and the motion for voluntary dismissal of Gutierrez be denied without prejudice. The parties may renew either of those motions following the lifting of the stay, should circumstances make it appropriate for them to do so.[3]

Finally, Gutierrez has filed a motion for the Court to take judicial notice of an *amicus curiae* brief filed in the appeal from the dismissal of *Karsjens*. *See* Dkt. No. 29. The *amicus* brief [Dkt. No. 30] is not an appropriate subject of judicial notice and does not appear to be especially relevant to the claims at issue in this proceeding; the motion to take judicial notice should therefore be denied. In any event, to the extent that Gutierrez merely asks the Court to consider the arguments made in that brief, the Court need not (and should not) take *judicial notice* of the contents of the brief; the Court may simply evaluate the persuasive value of the document, as it would any other document.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.  A stay be imposed in this matter pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), until petitioner Jose Luis Gutierrez's state-court appeal in Case No. AP21-9091

---

[3] Though Gutierrez is now warned: If he elects to voluntarily dismiss certain claims from his petition, it is doubtful that he will ever be able to pursue relief on those claims in federal court. Voluntary dismissal of certain claims might nevertheless be appropriate following the lifting of the stay, but Gutierrez should think carefully about the consequences of voluntary dismissal before filing another motion for such a dismissal. This Court will likely not recommend denial of a second motion for voluntary dismissal.

has fully concluded. If such a stay is imposed, Respondent Jodi Harpstead should be directed to provide notice of the conclusion of the state-court proceedings within 14 days of the date that those proceedings have become final.

2. Respondent's motion to dismiss [Dkt. No. 21] be DENIED WITHOUT PREJUDICE.

3. Petitioner Jose Luis Gutierrez's motion for voluntary dismissal [Dkt. No. 28] be DENIED WITHOUT PREJUDICE.

4. Gutierrez's motion to take judicial notice [Dkt. No. 29] be DENIED WITHOUT PREJUDICE.

Dated: January 20, 2023                                  s/David T. Schultz
                                                    DAVID T. SCHULTZ
                                                    U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).